UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. BELL,<br><br>         Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of San Quentin State Prison<br><br>         Respondent. | Case No.: 17cv1051-WQH-JLB<br><br>**DEATH PENALTY CASE**<br><br>**ORDER:**<br><br>**(1) GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS;**<br><br>**(3) GRANTING REQUEST FOR APPOINTMENT OF COUNSEL; AND**<br><br>**(3) REFERRING MATTER TO SELECTION BOARD FOR SUGGESTION OF APPOINTED COUNSEL** |

  On May 23, 2017, Petitioner Steven M. Bell filed a request for appointment of counsel for federal habeas proceedings and an accompanying declaration. (ECF No. 1.) Petitioner has also filed a motion for leave to proceed in forma pauperis ["IFP"]. (ECF No. 2.) For the reasons discussed below, the Court **GRANTS** the request to proceed IFP, **GRANTS** the request for appointment of counsel, and **REFERS** the matter to the Selection Board for the Southern District of California for the recommendation of one or more attorneys for appointment.

## I. BACKGROUND

Petitioner was convicted in San Diego County Superior Court of one count of first degree murder with the special circumstances of robbery-murder and was sentenced to death. On February 15, 2007, the California Supreme Court affirmed the convictions and sentence on direct appeal. *People v. Bell*, 151 P.3d 292 (Cal. 2007). The petition for a writ of certiorari was denied by the United States Supreme Court on October 1, 2007. *Bell v. California*, 552 U.S. 826 (2007).

On March 29, 2007, Petitioner filed a habeas petition (Case No. S151362) with the California Supreme Court, and on June 22, 2009, Petitioner filed an amended petition accompanied by declarations and exhibits. An informal response was filed on October 15, 2009, and a reply was filed on September 28, 2010. The California Supreme Court issued an order to show cause on January 21, 2014. A return was filed on May 14, 2014 and a Traverse was filed on September 25, 2014. The California Supreme Court ordered a reference hearing on November 12, 2014 and appointed a referee. After the hearing, the referee submitted a report on March 21, 2016. After the submission of additional briefing, the California Supreme Court held oral arguments on April 5, 2017. On June 8, 2017, the California Supreme Court issued an opinion stating that "[b]ecause no misconduct has been proven, we will discharge the order to show cause and, by separate order, deny Bell's petition for writ of habeas corpus." *In re Steven M. Bell on Habeas Corpus*, ___ P. 3d ___, 2017 WL 2472824, at *1 (Cal. June 8, 2017). In that opinion, the California Supreme Court also stated that "[b]ecause our order to show case and our reference order were limited to this claim, we do not here address any other claim set forth in the petition. The remaining claims will be resolved by a separately filed order." *Id.* at *7.

## II. REQUEST TO PROCEED IFP

With respect to the motion to proceed in forma pauperis, Petitioner has attached a declaration and trust account statement, which reflects that Petitioner has $0.02 in his account at San Quentin State Prison, where he is presently confined. (ECF No. 2 at 4.) Petitioner cannot afford the $5.00 filing fee. Accordingly, the Court **GRANTS** Petitioner's

motion for leave to proceed in forma pauperis and allows Petitioner to proceed in the above-referenced matter without being required to prepay fees or costs and without being required to post security.

### III. REQUEST FOR APPOINTMENT OF COUNSEL

In a signed declaration dated May 1, 2017, Petitioner states that "[t]he habeas case is currently under submission for decision, which will come within ninety days of oral argument. At that point, the time for seeking federal habeas corpus review will begin running." (ECF No. 1 at 3.) Petitioner states that: "I am submitting a request for counsel now in anticipation of this contingency," and asserts that if his state petition is denied, he intends to file a federal habeas petition and needs the assistance of counsel to prepare and litigate a federal petition. *Id.* Petitioner also indicates that he has been advised that both his state appellate counsel and his state habeas counsel are unavailable to represent him in federal habeas proceedings and states that: "I am indigent and do not have the assets to retain an attorney to represent me in these federal habeas corpus proceedings." *Id.*

On June 8, 2017, during the pendency of the instant request, the California Supreme Court issued an opinion discharging the order to show cause on the juror misconduct claim and stated that it would resolve the remaining claims in the state habeas petition by separate order. At present, the state docket does not indicate that any such separate order has been filed and the state court's website reflects the case status as: "opinion issued." (*See* http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id= 1883040&doc_no=S151362, last visited June 16, 2017.) The Ninth Circuit has held that "when . . . an appeal of a state criminal conviction is pending, a would-be petitioner must await the outcome of his appeal before his state remedies are exhausted." *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see also* 28 U.S.C. § 2254(b)-(c). As noted above, Petitioner's direct appeal is long concluded, as the United States Supreme Court denied the petition for writ of certiorari in 2007. While Petitioner's state habeas petition remains pending before the California Supreme Court, the Ninth Circuit has clarified that *Sherwood* applies only to pending direct appeals. *See Henderson v. Johnson*, 710 F.3d

872, 874 (9th Cir. 2013) (rejecting district court's reliance on *Sherwood* to dismiss federal habeas action filed while state habeas petition was pending without allowing leave to amend or considering a stay, stating that "*Sherwood* stands for the proposition that a district court may not adjudicate a federal petition while a petitioner's direct state appeal is pending.").

The relevant federal statute, which provides for the appointment of counsel in capital habeas actions, simply states that: "In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f)." 18 U.S.C. § 3599(a)(2). Meanwhile, this district's local rules provide for the appointment of federal capital habeas counsel "at the earliest practicable time." *See* CivLR HC.3(d)(1). Based on these considerations, Petitioner's request for appointment of counsel appears reasonable and is therefore **GRANTED**.

### IV. CONCLUSION AND ORDER

For the reasons discussed above, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and **GRANTS** Petitioner's request for appointment of counsel. It is **HEREBY ORDERED** that this matter be referred to the Selection Board for the United States District Court, Southern District of California, for suggestion of one or more counsel to be appointed to represent Petitioner in his federal habeas corpus proceedings.

The Clerk of the Court shall serve a certified copy of this order on Petitioner Steven M. Bell; Attorney Anthony Dain; Attorney Miro F. Cizin, Habeas Corpus Resource Center; Respondent Ron Davis, Warden of San Quentin Prison; the Clerk of the San Diego County Superior Court; Xavier Becerra, Attorney General of the State of California; Lynne McGinnis, Deputy Attorney General of the State of California; Office of the District

Attorney of San Diego County; Joseph Schlesinger, California Appellate Project, San Francisco; and Elaine Alexander, Appellate Defenders, Inc.

**IT IS SO ORDERED.**

Dated: June 19, 2017

Hon. William Q. Hayes
United States District Court